**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIVI ROBYN STAFFORD, an individual, | No.   20-55588 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00252-GW-MRW |
| v. | |
| BAART BEHAVIORAL HEALTH SERVICES, INC.; BAART COMMUNITY HEALTH CARE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Plaintiff-Appellant Vivi Stafford appeals the district court's denial of her

motion to vacate the arbitration award against her and grant of Defendant-Appellee

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BAART Behavioral Health Services's ("BAART's") motion to confirm the arbitration award. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's decision to enforce or vacate an arbitration award. *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010).

The district court properly exercised subject matter over Stafford's claims: Stafford's state law claims were sufficiently related to her original, federal ADA cause of action, and the interest of judicial economy favored the exercise of supplemental jurisdiction. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 940 (9th Cir. 2012) (district courts retain discretion to exercise supplemental jurisdiction even when all federal claims are dismissed).

A district court may vacate an arbitration award in only limited circumstances prescribed by statute, including: where "the award was procured by corruption, fraud, or undue means"; where there was evidence of "partiality or corruption" in the arbitrators; where the arbitrators were guilty of "misconduct" or "misbehavior"; or where "the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

2

The district court properly denied Stafford's motion to vacate the arbitration award because Stafford has not proffered admissible evidence to support that any of the statutorily prescribed circumstances that justify vacating an arbitration award occurred during the course of Stafford and BAART's arbitration. *See* 9 U.S.C. § 10(a).

The district court properly granted BAART's motion to confirm the award. A district court "must grant" a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. As there were no grounds for vacating the award, the district court was required to confirm it.

**AFFIRMED.**